Judge Robertson
delivered the opinion of the Court.
The principal question involved in this case, is, whether the chancellor can take cognizance 0f a claim, to be discharged from a bond, on the plea
If the bill shew that it was impossible to make de-fence, or-to have any remedy at law, or shew fraud or mistake, chancery would have jurisdiction. But ^le allegati°n °f “non est factum,” can not, uper se,” give jurisdiction to a court of equity. When the remedy is complete at law, there never can be relief in chancery, unless the chancellor has concurrent jurisdiction, or satisfactory reasons for not appealing to law are furnished.
In this case, if the covenant be not the act and deed of Ferqueran, he might have been relieved by-writ of replevin; and as no reason is assigned for not proceeding in this mode, his bill exhibits no equity, See Campbell, &c. vs. Kelcham, &c. l. Bibb, 408.
But if the court had possessed the authority to grant relief, the facts proved did not justify the decree. If Haydon’s evidence had been both competent and credible, it was insufficient to qverbalance the positive denials of the answers, especially when they were corroborated by strong testimony in the case.
But Haydon was not a competent witness. He was not only the principal in the note, but he was a party to the suit. He was made a defendant by Fer-queran. A plaintiff or complainant, “can in no case examinen defendant;” Starkie, 766. Ib. 1062. Bul. Ni. Pri. 285. There may be exceptions from this rule. We make the reference without affirming the universality of the rule. The general rule is, that a party to the record cap not be examined, But there are exceptions. In tort, a defendant who has suffered judgment to go against him by default, is a competent witness to prove his cp-defendant not guilty; but he is incompetent to prove him guilty. A defendant in *29 pssumpsit, is not a competent witness for the plaintiff, although he may have suffered judgment to go against him by default. There may be cases which a complainant may make a defendant a witness. This, however, is certainly not one of them. Without the testimony of Haydon, there was no proof to sustain the bill.
Tiiplett, for appellants.
The court ought not, therefore, to have decreed a perpetuation of the injunction.
Wherefore, the decree is reversed, and the cause remanded, with instructions to dismiss the bill and dissolve the injunction with damages.